1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8
9    Andy Gonzalez,                                    No. CV-24-00352-TUC-JR

10                 Plaintiff,            **REPORT AND RECOMMENDATION**

11   v.

12   Bank of America,

13                 Defendant.

14

15
16          On August 20, 2024, the district court entered an Order, *inter alia*, allowing pro se

17   Plaintiff Andy Gonzales ("Plaintiff") to file an amended complaint curing the deficiencies

18   identified in this Court's Report and Recommendation within 30 days (Doc. 9). On

19
20   September 10, 2024, Plaintiff filed a document captioned "Amended II" which this Court

21   construes as an Amended Complaint (Doc. 12).

22          General Order 21-25 directs this Court to prepare a Report and Recommendation to

23
24   the appropriate designee in either Tucson or Phoenix/Prescott. Accordingly, this Court

25   directs this Report and Recommendation to United States District Judge Raner C. Collins.

26   As more fully set forth below, this Court recommends that the district court dismiss the

27
     Amended Complaint.
28

**Statutory Screening of In Forma Pauperis Complaints**

Plaintiff has been granted in forma pauperis status. (Doc. 9 at 2.) Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted in forma pauperis status, the district court shall dismiss the case "if the court determines that . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief maybe granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)."Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681.

The district court must "construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d

338, 342 (9th Cir. 2010). A "complaint [filed by a pro se individual] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). If the district court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

**The Amended Complaint**

Plaintiff names Bank of America as the Defendant. (Doc. 12.) The entirety of the Amended Complaint alleges:

> Objections is (*sic*) been filed, and 1 (*sic*) open for Recommendations, and Claim all my R.R. Retirement; Benefits; Living with $ 30 dls For Recommendations of [indecipherable] to be Deported; and all my assets be given to Cecilin Benabides of 1392 Monsurate Ave[.,] Chula Vista[,] CA 91911 [. . .] and all my RR Benefits been Reduced and my RR Diposit (*sic*) come to 0 0 0 [. . .].

(Doc. 12.)

The Amended Complaint Fails to Contain a Jurisdictional Allegation: "The party asserting jurisdiction bears the burden of proving that that court has subject matter jurisdiction over his claims." *Ticktin v. C.I.A*., No. CV 08-998-PHX-MHM, 2009 WL 976517, at *2 (D. Ariz. 2009). *See also Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994) (holding that "[i]t is to be presumed that a cause lies outside [the court's] limited jurisdiction, [ ] and the burden of establishing the contrary rests upon the party asserting jurisdiction."). Plaintiff has failed to allege a basis for the district court's jurisdiction in the Amended Complaint. (Doc. 12.) Because there is

no jurisdictional basis alleged in the Amended Complaint and because it is presumed that a cause lies outside the district court's jurisdiction, this Court finds that the district court does not have jurisdiction over the Amended Complaint.

The Amended Complaint Fails to State a Claim for Relief: The Amended Complaint fails to allege facts showing that Plaintiff is entitled to relief against Defendant Bank of America. As explained in this Court's Report and Recommendation dated July 30, 2024, it is insufficient for Plaintiff to allege that Defendant Bank of America is liable to him. (Doc. 6 at 4.) Rather, Plaintiff is required under Rule 8 of the Federal Rules of Civil Procedure to allege specific facts showing that he is entitled to relief against Defendant Bank of America. Plaintiff has failed to do so in his Amended Complaint.

Because Plaintiff has failed to allege in his Amended Complaint any specific facts showing that he is entitled to relief against Defendant Bank of America, this Court recommends that the Amended Complaint be dismissed for failure to state a claim.

Leave to Amend Should be Denied: "The court must give a pro se litigant leave to amend his complaint 'unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Crockett v. City of Torrance*, No. CV 10-5857-DOC (SP), 2012 WL 13005662, at *8 (C.D. Cal. Feb. 6, 2012), *report and recommendation adopted*, No. CV 10-5857-DOC (SP), 2012 WL 13005817 (C.D. Cal. Feb. 29, 2012) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)) (en banc) (quotation omitted) (additional citation omitted). "But where amendment of a pro se litigant's complaint would be futile, denial of leave to amend is appropriate." *Crockett*, 2012 WL 13005662, at *8 (citing *James v. Giles*, 221 F.3d 1074, 1077 (9th Cir. 2000)).

This is Plaintiff's second attempt to state a claim against Bank of America. The Amended Complaint is even more deficient that Plaintiff's original Complaint. *Compare* Doc. 1 with Doc. 12. This Court finds that further effort by Plaintiff to state a claim would be futile. Thus, dismissal without leave to amend is recommended.

**Recommendation**

This Court finds that Plaintiff's Amended Complaint falls outside of the district court's jurisdiction and also fails to state a claim upon which relief may be granted. As noted, *supra*, General Order 21-25 directs this Court to prepare a Report and Recommendation to the appropriate designee in either Tucson or Phoenix/Prescott and this Court directs this Report and Recommendation to the Honorable Raner C. Collins.

The undersigned Magistrate Judge **RECOMMENDS** that the District Judge enter an order **DISMISSING** Plaintiff's Amended Complaint (Doc. 12) with prejudice for lack of subject matter jurisdiction and failure to state a claim.

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). No replies shall be filed unless leave is granted from Judge Collins. Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.

…

…

**IT IS FURTHER ORDERED DIRECTING** the Clerk of Court to refer this matter to the Honorable Raner C. Collins.

Dated this 23rd day of September, 2024.

_____
Honorable Jacqueline M. Rateau
United States Magistrate Judge