# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Andy Gonzalez, | No. CV-24-00352-TUC-JR |
|     Plaintiff, | **ORDER** |
| v. | |
| Bank of America, | |
|     Defendant. | |

On September 24, 2024, Magistrate Judge Jacqueline M. Rateau issued a Report and Recommendation pursuant to General Order 21-25, recommending that the Court dismiss the Amended Complaint because Plaintiff failed to allege facts showing Defendant Bank of America can be held liable or that he is entitled to relief. (Doc. 13 at 4.) Moreover, the magistrate judge determined that because Plaintiff was granted leave to amend previously, the Court should dismiss with prejudice.

Plaintiff objected. The entirety of his objection reads:

> Objection to the Recommendation of the Magistrate Judge, is About 12 years of Loss of my RRoad Retirement Deposit the Go to the Bank of America 154161 Per Month Sinse 2012 to this Date Sep 25 of 2024 Reconsider this Facts that No One Works For Free and I demand all my Rail Road Direct Deposits it might be more because the Cost of Living and 10% interest and I expec that this claim be Solved soon
> todays Date Sep-25-2024

(Doc. 14.)

The standard of review of a magistrate judge's R&R is dependent upon whether a party objects. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Upon an objection, the district court must "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

The magistrate judge was correct, Plaintiff's half-page Amended Complaint does not establish the requisite jurisdiction, and Plaintiff's objection makes no argument explaining under what legal theory he believes he is entitled to relief.

If the plaintiff "fails to state a claim on which relief may be granted," the district court must dismiss. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court's discretion to deny leave to amend is particularly broad where a plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

Given Plaintiff was previously granted leave to amend and failed to remedy the inadequacies in the original complaint, the magistrate judge did not err in recommending denial of leave to amend.

Accordingly, IT IS ORDERED Magistrate Judge Jacqueline M. Rateau's Report and Recommendation is ADOPTED.

This matter is DISMISSED WITH PREJUDICE.

Dated this 2nd day of October, 2024.

_____
Honorable Raner C. Collins
Senior United States District Judge